IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:20-CV-224-FL

| | |
|---|---|
| RODZIK LAW GROUP; BAU PRINT AND MAIL, INC.; and CATARACT CONSULTANTS, PA, )<br><br>Plaintiffs, )<br><br>v. )<br><br>HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LTD.,[1] )<br><br>Defendants. ) | ORDER |

This matter is before the court on defendants' motion to dismiss plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), (DE 26) ("Rule 12(b)(6) motion"), and motion to dismiss plaintiffs' nationwide class action claims, (DE 24) ("motion to dismiss class claims"). The issues raised have been briefed fully and, in this posture, are ripe for ruling. For the following reasons, the Rule 12(b)(6) motion is granted and the motion to dismiss class claims is denied as moot.

**STATEMENT OF THE CASE**

Plaintiffs commenced this diversity action on November 20, 2020, asserting breach of contract and seeking declaratory judgments to determine questions of insurance coverage related to COVID-19. Plaintiffs seek damages and equitable remedies for themselves, and a proposed

---

[1] The court constructively has amended the caption of this order to reflect the corrections plaintiffs made in their amended complaint, filed January 22, 2021, to the names of defendants and their related entities.

class of others similarly situated. On January 22, 2021, plaintiffs filed an amended complaint as a matter of course, asserting substantially the same allegations as in their originally filed complaint, but correcting the names of defendants and their related entity allegations.

Defendants filed the instant motions on March 29, 2021, relying on a memorandum in support of each and exhibits comprising unpublished cases and a transcript of a summary judgment hearing in a case in the United States District Court for the Eastern District of Virginia. The court stayed scheduling activities pending decision on the motions to dismiss. Plaintiffs responded in opposition to each and defendants replied in support of each, relying upon additional unpublished cases. Defendants filed three notices of subsequently controlling decided authority.

## STATEMENT OF FACTS

The facts alleged in plaintiffs' complaint may be summarized briefly as follows. Plaintiffs are businesses located in North Carolina asserting that "the presence of COVID-19 and the governmental orders issued to try to contain it" forced them to halt or reduce their business operations, which in turn resulted in lost income. (Compl. ¶¶ 3, 5-7).[2]

Plaintiff Rodzik Law Firm, PLLC ("Rodzik") maintained a policy with defendant Hartford Casualty Insurance Company, and plaintiffs BAU Print & Mail, Inc. and Cataract Consultants, PA maintained a policy with defendant Sentinal Insurance Company, Ltd. (Id. ¶¶ 8-9). Pursuant to those policies, plaintiffs submitted written claims to defendants to recoup losses caused by COVD-19 and related governmental orders. (Id. ¶ 46). Defendants denied those claims, asserting plaintiffs failed to demonstrate COVID-19 caused physical loss to covered property or, in the alternative, plaintiffs' claims were subject to numerous exclusions within the policies, including the virus exclusion. (Id. ¶ 47).

---

[2] Hereinafter all references to the complaint in the text and "Compl." in citations are to the operative amended complaint filed January 22, 2021. (Am. Compl. (DE 12)).

**COURT'S DISCUSSION**

A.  Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[3] "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.  Analysis

Defendants assert that plaintiffs' claims are excluded by the virus exclusion included in each of their policies. The court agrees.

Under North Carolina law,[4] the meaning of language in an insurance policy represents a question of law. Accardi v. Hartford Underwriters Ins. Co., 373 N.C. 292, 295 (2020). When interpreting such a policy, the court applies general rules of contract interpretation. Id. Pursuant to those rules, "[i]nsurance policies must be given a reasonable interpretation and where there is

---

[3]  Internal citations and quotation marks are omitted from all citations unless otherwise specified.

[4]  In a diversity case, the court applies and interprets the substantive law of the state in which the action arose. See Adams v. Am. Optical Corp., 979 F.3d 248, 255 (4th Cir. 2020). Here, no party disputes the application of North Carolina law to the case.

3

no ambiguity they are to be construed according to their terms." Williams v. Nationwide Mut. Ins. Co., 269 N.C. 235, 238 (1967). However, "[w]here there is ambiguity and the policy provision is susceptible of two interpretations, of which one imposes liability upon the company and the other does not, the provision will be construed in favor of coverage and against the company." Id.

Here, plaintiffs' policies share an identical exclusion providing in relevant part:

> We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss:
>
> (1) Presence, growth, proliferation, spread or any activity of "fungi", wet rot, dry rot, bacteria or virus.

(DE 12-2 at 130) ("the virus exclusion").[5]

That virus exclusion does not apply, however:

> (1) When "fungi", wet or dry rot, bacteria or virus results from fire or lightning; or
>
> (2) To the extent that coverage is provided in the Additional Coverage – Limited Coverage for "Fungi", Wet Rot, Dry Rot, Bacteria and Virus with respect to loss or damage by a cause of loss other than fire or lightning.

(Id.). With regard to section (2), the policies provide, again in relevant part:

> The coverage described in **1.b.** below only applies when the "fungi", wet or dry rot, bacteria or virus is the result of one or more of the following causes that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at the time of and after that occurrence.
>
> (1) A "specified cause of loss" other than fire or lightning;
>
> (2) Equipment Breakdown Accident occurs to Equipment Breakdown Property, if Equipment Breakdown applies to the affected premises.

(Id. at 131). Finally, the policies define "specified cause of loss" as follows:

> "Specified Cause of Loss" means the following: Fire; lightning; explosion, windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire

---

[5] On the court's review, plaintiffs' policies are identical in all relevant respects, and the parties do not assert otherwise. Thus, for ease of reference, the court cites only to plaintiff Rodzik's policy. (DE 12-2).

extinguishing equipment; sinkhole collapse; volcanic action; falling objects; weight of snow, ice or sleet; water damage.

(Id. at 57).

Regarding the claims in issue, plaintiffs allege that they were forced to halt or reduce their business operations "[b]ecause of the presence of COVID-19 and the governmental orders issued to try to contain it." (Compl. ¶ 3 (emphasis added)). They further allege that COVID-19 is a virus. (Id. ¶ 2). As such, their claims on this basis fall within the plain terms of the virus exclusion, because they allege damages "caused directly or indirectly by . . . [the] [p]resence, growth, proliferation, spread or any activity of . . . virus." (DE 12-2 at 131). Further, none of the exceptions to the virus exclusion apply based on the allegations in the complaint. Namely, plaintiffs do not allege that the virus was the result of fire or lightning, nor do they allege that it was the result of an equipment breakdown, or a "specified cause of loss" as defined by the policies. (Id. at 57, 130, 131). Thus, defendants properly denied plaintiffs' claims pursuant to that exclusion.

Plaintiffs' arguments to the contrary are unavailing. First, plaintiffs contend that the policy does not define a "specified cause of loss." As excerpted above, however, this is untrue. (See DE 34 at 11; id. at 57). Second, plaintiffs note that defendants declined to use a "widely circulated and oft-used plain and unambiguous virus exclusion" in the place of the virus exclusion utilized. (DE 34 at 11). However, such extrinsic evidence is only relevant if the policy language is ambiguous, and here, for the reasons already mentioned, it is not. See Williams, 269 N.C. at 238; Brown v. Ginn, 181 N.C. App. 563, 567 (2007) ("Extrinsic evidence may be consulted when the plain language of the contract is ambiguous."). Indeed, other courts in this district and circuit have already found nearly identical exclusions to be unambiguous. See, e.g., Nat'l Coatings & Supply, Inc. v. Valley Forge Ins. Co., No. 5:20-CV-00275-M, 2021 WL 1009305, at *5–6 (E.D.N.C. Mar.

5

16, 2021); Natty Greene's Brewing Co., LLC v. Travelers Cas. Ins. Co. of Am., 503 F. Supp. 3d 359, 362-63 (M.D.N.C. 2020).

Having determined that plaintiffs' insurance claims for their alleged losses are barred by the policies' virus exclusions, the court does not reach defendants' other arguments regarding whether plaintiffs' losses amount to physical loss or damage entitling them to business interruption or civil authority coverage. (See DE 28 at 14-22). However, the court notes that an increasing number of federal courts to address the issue have determined that physical loss or damage does not incorporate viruses. See Uncork & Create LLC v. Cincinnati Ins. Co., ___ F. 4th ___, 2022 WL 662986, at *6 (4th Cir. 2022) (applying West Virginia law); see, e.g., Adorn Barber & Beauty LLC v. Twin City Fire Ins. Co., No. 3:20CV418, 2021 WL 4851062, at *8 (E.D. Va. Oct. 18, 2021) (collecting cases).

## CONCLUSION

Based on the foregoing, defendants' Rule 12(b)(6) motion, (DE 26), is GRANTED and plaintiffs' action is DISMISSED for failure to state a claim upon which relief can be granted. Where plaintiffs' action fails as a matter of law, the court DENIES AS MOOT defendants' motion to dismiss class claims, (DE 24). The clerk is DIRECTED to close the case.

SO ORDERED, this the 18th day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge